**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN,
MILWAUKEE DIVISION**

| | |
|---|---|
| SIAM LOGISTICS LLC, for the use and benefit of THROUGH TRANSPORT MUTUAL INSURANCE ASSOCIATION LIMITED, as Subrogee of Siam Logistics LLC and as Assignee of 96 ENTERPRISES LLC, and SIAM LOGISTICS LLC, as Assignee and Subrogee of Praesidiad Ltd. and Guardair USA Inc. <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS, SYNDICATE NO. 2001 AT LLOYD'S, LONDON <br><br> Defendant. | Case No.: 26-cv-1153 <br><br><br> Hon. |

## **COMPLAINT**

Plaintiff, SIAM LOGISTICS LLC ("Siam"), in its own name and for the use and benefit of THROUGH TRANSPORT MUTUAL INSURANCE ASSOCIATION LIMITED ("TT Club"), as Subrogee of Siam Logistics LLC and as Assignee of 96 ENTERPRISES LLC ("96 Enterprises"), and SIAM LOGISTICS LLC, as Assignee and Subrogee of Praesidiad Ltd. ("Praesidiad") and Guardair USA ("Guardair"), by and through their undersigned counsel, and for their Complaint against Defendant, CERTAIN UNDERWRITERS, SYNDICATE NO. 2001 AT LLOYD'S, LONDON ("Underwriters"), states as follows:

1

## PARTIES

1.      Siam is a Texas limited liability corporation with its members domiciled in the State of Michigan.  Siam is engaged in the business of providing freight brokerage services and arranging for the interstate transportation of goods for its customers pursuant to a registration by the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA").  Siam brings this lawsuit in its own name and for the use and benefit of its subrogated insurer, TT Club, and as assignee and subrogee of Siam's customer, Guardair and its parent company, Praesidiad.

2.      TT Club is a Bermuda corporation, duly organized under the laws of Bermuda, with its United States Managers located in Jersey City, New Jersey, and providing insurance coverage through a policy of insurance to Siam.  TT Club is also assignee of the rights of the motor carrier for the shipment at issue in this claim, 96 ENTERPRISES, LLC ("96 Enterprises").

3.      Defendant, Underwriters, issued one or more policies of insurance on a standard form to 96 Enterprises, for which TT Club has taken an assignment of 96 Enterprises' rights against Underwriters.  Underwriters consist of Syndicate Number 2001 at Lloyd's London, Pseudonym AML.  The AML pseudonym identifies MS Amlin Syndicate 2001.  MS Amlin Corporate Member Limited is the sole underwriting member of Lloyd's Syndicate 2001.  There are no individual members of Syndicate 2001.  MS Amlin Corporate Member Limited is a private limited company incorporated in England and Wales, with its principal place of business in London, United Kingdom.

## JURISDICTION AND VENUE

4.      This litigation is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because (1) the action is between citizens of different

2

states, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this District as a policy of insurance, which covered 96 Enterprises' liability for the shipment of goods at issue in this claim, was issued to 96 Enterprises by the Continental Insurance Agency Inc. and/or the Continental Trucking Association, both non-parties to this Complaint, via its office located at 721 N. 4th Street, Watertown, Dodge County, Wisconsin 53098, which is within the territorial jurisdiction of this District.

**FACTUAL BACKGROUND**

*The Policy at Issue*

6. On or about July 1, 2022, Underwriters issued one or more master policies of motor truck cargo insurance on a standard form to the Continental Trucking Association and its captive insurer, Continental Insurance Association (alternatively numbered, Policy Nos. 228324-001MTC-58021-360, 238324-001MXA-112563, and/or 228324-001MTC-112563) (hereinafter the "Policy").

7. The Continental Trucking Association and/or the Continental Insurance Association, in turn, issued one or more policies of motor truck cargo insurance on a standard form to 96 Enterprises. The Policy insured 96 Enterprises' liability as a motor carrier for in-transit loss or damage to cargo. A copy of the Policy is attached hereto as **Exhibit 2**.

8. The Policy provides, in relevant part, that:

In consideration of the premium paid hereon and the particulars and statements contained in the written Proposal, a copy of which attaches hereto, which particulars and statements are warranted by the Insured to be true and are agreed to be incorporated herein, the Underwriters hereby agree to indemnify the Insured, named in the schedule, for ALL RISKS OF PHYSICAL LOSS OR DAMAGE FROM AN EXTERNAL CAUSE to lawful cargo in and/or on a truck whilst in the Insured's care, custody or control in the ordinary course of transit, including loading and unloading, within the contiguous states of USA, the District of Columbia and Canada. **THIS INSURANCE IS SUBJECT TO ALL THE PROVISIONS, EXCLUSION, DEFINITIONS, TERMS AND CONDITIONS CONTAINED IN THE FOLLOWING WORDING.**

3

Policy, Insuring Agreement, at 4.

9. Furthermore, the Policy describes the "Commodities Hauled" by 96 Enterprises as such:

**COMMODITIES HAULED:** Building Materials (Pipes/Lumber/Flat Steel), Construction Equipment, Dry Goods, Steel Beams, Wood Products (Other Than Furniture)

Policy, Evidence of Insurance, at 1.

*The Shipment of Cargo at Issue*

10. On or before April 20, 2023, Siam received instructions from its customer, Guardair, to arrange the carriage of a shipment of 327 pieces of diamond-cut industrial steel fencing (the "Cargo") from Ennis, Texas to Chillicothe, Ohio.

11. On or about April 21, 2023, Siam, in its capacity as a transportation broker and pursuant to a written broker-carrier contract, engaged 96 Enterprises to perform the actual motor carriage of the Cargo from Ennis, Texas to Chillicothe, Ohio. Accordingly, Siam issued instructions to 96 Enterprises to pick up the Cargo, and 96 Enterprises accepted these instructions.

12. On or about April 21, 2023, 96 Enterprises' driver picked up the Cargo in good condition in Ennis, Texas. 96 Enterprises received and adopted as the bill of lading for the Cargo the bill of lading attached hereto as **Exhibit 3**. No exceptions regarding the condition of the Cargo are noted on the bill of lading.

13. On or about April 24, 2023, while in transit to Chillicothe, Ohio, 96 Enterprises' driver was involved in a traffic accident that caused the Cargo to become strewn across several lanes of highway. 96 Enterprises was insured under the Policy at this time for its legal liability

4

resulting from this Cargo damage. Underwriters were immediately notified of this loss by 96 Enterprises.

14. Notwithstanding the fact that the Cargo had been involved in a major roadway accident that caused it to become strewn across the highway, Underwriters, via their third-party claim administrator, Midway Insurance Management International, Inc. ("Midway"), surveyed the Cargo and, on June 1, 2023, issued a coverage determination that denied coverage for this loss on the basis that the Cargo, which Underwriters conceded suffered "scratching, denting and marring," had suffered only "minimal damage" that was not covered under the Policy.

15. TT Club, as insurer for Siam, subsequently appointed a surveyor who concluded on July 26, 2023, that virtually all of the Cargo had been disfigured and rendered unusable for its intended purpose as a result of the April 24 traffic accident. Siam notified Midway and Underwriters of this subsequent survey evaluation, but no subsequent coverage evaluation was issued by Underwriters with respect to the damage to the Cargo.

16. The Cargo was ultimately rejected by Guardair on the basis that damages sustained to the Cargo rendered the entire shipment unfit for its intended use.

17. The full value of the Cargo was $262,000.00.

18. A claim was presented to Siam for the full replacement value by Guardair for the loss of the Cargo. Siam presented a claim for the same amount to 96 Enterprises directly on November 20, 2023.

19. Neither 96 Enterprises nor Underwriters agreed to make any payment of the claim for the loss of the Cargo, despite being duly demanded to do so and despite the fact that the Policy at issue insured such liability with no valid exclusions to coverage present

20. Siam paid Guardair's claim for loss of the Cargo in the amount of $250,000.00 on

5

or about October 12, 2023, along with an assignment giving Siam all Guardair and/or Praesidiad's rights of recovery for the damaged Cargo, up to the amount Siam paid Guardair/Praesidiad.

21. On October 20, 2023, TT Club reimbursed Siam in the amount of $250,000 for the loss to the Cargo and became subrogated to its rights.

***The Underlying Lawsuit and the Declination of Insurance Coverage***

22. On March 15, 2024, as a result of 96 Enterprises' and Underwriters' failure to make any payment of the claim for loss of the Cargo, Siam and TT Club filed a Complaint against 96 Enterprises in the U.S. District Court for the Eastern District of Michigan (Case No. 2:24-cv-10664-GCS-DRG) alleging causes of action for breach of contract and a claim under the Carmack Amendment (49 U.S.C. § 14706) arising out of the loss of the Cargo. An Amended Complaint in that action was subsequently filed on March 15, 2024 (the "Lawsuit").

23. On April 16, 2024, the undersigned counsel, on behalf of Siam and TT Club, notified Midway that the Lawsuit had been filed against 96 Enterprises.

24. On April 22, 2024, Midway, on behalf of Underwriters, issued a Declination of Coverage letter to 96 Enterprises denying both indemnification for this claim and defense of 96 Enterprises in the Lawsuit under the Policy.

25. The basis for Underwriters' supplemental coverage denial was that the Cargo consisted of steel fencing, while the Policy was only written to cover five types of hauled commodities (i.e., building materials (pipes/lumber/flat steel), construction equipment, dry goods, steel beams, and wood products (other than furniture)). Policy, Evidence of Insurance, at 1. Underwriters subsequently denied coverage for the claim at issue in the Lawsuit because the Cargo did not technically constitute one of these five commodities.

6

26.     In April 2025, Siam and TT Club settled the underlying lawsuit against 96 Enterprises in exchange for an assignment of 96 Enterprises' rights against Underwriters under the Policy.  Notwithstanding Underwriters' coverage denial for this claim, 96 Enterprises' liability for damage was clear under the Carmack Amendment given that it was the motor carrier in possession of the Cargo at the time of damage and 96 Enterprises had no valid defense to that cause of action.  96 Enterprises' right to indemnification for the full amount of damages alleged in the Underlying Lawsuit was clear.  As such, Underwriters should have indemnified 96 Enterprises in the Underlying Action and had no correct basis for denying coverage.

27.     It is 96 Enterprises' cause of action for bad-faith insurance coverage denial that 96 Enterprises assigned to Siam and TT Club.  That cause of action therefore survives dismissal of the Underlying Lawsuit.

***The First Action by Siam Against Underwriters***

28.     On April 24, 2025, in order to enforce its assignment of rights received from 96 Enterprises in the Underlying Action against Underwriters for wrongful claim denial, Siam and TT Club filed a Complaint against Underwriters in this District (Case No. 2:25-cv-00591-LA) alleging a single cause of action for breach of contract against Underwriters for its failure to indemnity 96 Enterprises arising out of the loss of the Cargo (the "First Action Against Underwriters").  [ECF No. 1].  An Amended Complaint in that action was subsequently filed on June 5, 2025. [ECF No. 10].

29.     Underwriters moved to dismiss the First Action Against Underwriters on June 20, 2025.  [ECF No. 11].  Siam and TT Club responded in opposition to that motion on July 25, 2025, and Underwriters filed their reply in support on August 15, 2025.  [ECF Nos. 13, 15].

30.     On December 10, 2025, the court in the First Action Against Underwriters

7

dismissed that action for lack of subject matter jurisdiction on the basis that the citizenship of Underwriters had been improperly pled and granted Siam and TT Club leave to replead. [ECF No. 16].

31. On January 8, 2026, Siam and TT Club voluntarily the First Action Against Underwriters without prejudice pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). [ECF No. 17].

32. Siam and TT Club now seek to refile their action against Underwriters with the citizenship of Underwriters revised according to the court's order.

**COUNT I**
**<u>BREACH OF CONTRACT – FAILURE TO INDEMNIFY</u>**

33. Siam repeats and realleges the allegations contained in Paragraphs 1-32 inclusive as paragraphs 1 through 33 of this Count I as if alleged herein for the first time.

34. Underwriters issued the Policy to TT Club's assignor, 96 Enterprises, which insured 96 Enterprises for all risks of physical loss or damage from an external cause to lawful cargo in and/or on a truck whilst in the care, custody or control of 96 Enterprises.

35. On or about April 20, 2023, 96 Enterprises accepted the Cargo into its exclusive care, custody, and control for interstate transportation.

36. The Cargo was damaged while in the exclusive care, custody, and control of 96 Enterprises. Therefore, 96 Enterprises was liable for the full amount of damage to the Cargo under the Carmack Amendment, which is a liability covered under the Policy and insured by Underwriters

37. 96 Enterprises and/or TT Club timely informed Underwriters of the loss to the Cargo and filed claims pursuant to the Policy. 96 Enterprises and/or TT Club further complied with all obligations and pertinent terms of the Policy.

38. Underwriters initially denied coverage under the Policy on the basis that the

8

Cargo was not damaged in the April 24, 2023, road accident, which was contrary to all evidence available to Underwriters.

39. After the Lawsuit was filed, Underwriters then revised their coverage position and denied coverage on the basis that the Cargo did not constitute a covered commodity (i.e., building material, construction equipment, dry goods, steel beams, or wood products) under the Policy. This interpretation is unreasonable as the Cargo clearly falls within one or more of the Policy's commodity coverages, namely "Building Materials."

40. Underwriters have refused to pay the claims covered by the Policy, thus breaching its contract with 96 Enterprises and TT Club, as assignee of 96 Enterprises' rights under the Policy.

41. As a result of Underwriters' breach, Siam and its subrogated insurer, TT Club, as assignee of the rights of 96 Enterprises under the Policy, suffered damages in the amount of $250,000. As a claim separate from the allegations made in the Underlying Lawsuit against 96 Enterprises, this assignment of rights survives dismissal of the Underlying Lawsuit.

WHEREFORE, SIAM LOGISTICS LLC, in its own name and for the use and benefit of Through Transport Mutual Insurance Association Limited, as Subrogee of Siam Logistics LLC and as Assignee of 96 Enterprises LLC, and Siam Logistics LLC, as Assignee and Subrogee of Praesidiad Ltd. and Guardair USA, Inc., demand judgment in the amount of $250,000.00, plus attorney fees, pre-judgment interest, costs associated with the prosecution of this action, and for any further relief as this Court may deem just and proper.

9

Dated: June 29, 2026                    Respectfully Submitted,


                                        */s/ Robert L. Reeb*

                                        _____

                                        ROBERT L. REEB (Bar No. 6198415)
                                        KYLE M. BRENNAN (Bar No. 6316921)
                                        MARWEDEL MINICHELLO & REEB, P.C.
                                        303 W. Madison Street, Suite 1100
                                        Chicago, IL 60606
                                        Ph: (312) 445-5314
                                        Fax: (312) 902-9900
                                        rreeb@mmr-law.com
                                        kbrennan@mmr-law.com

                                        *Counsel for Plaintiffs*